IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FRANCISCO MATEO-TOMAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, SECRETARY OF | § | CIVIL ACTION NO. 9:26-CV-00311 |
| THE DEPARTMENT OF HOMELAND | § | JUDGE MICHAEL J. TRUNCALE |
| SECURITY; TODD BLANCHE, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; TODD | § | |
| LYONS, ACTING DIRECTOR AND SENIOR | § | |
| OFFICIAL PERFORMING THE DUTIES OF | § | |
| THE DIRECTOR OF U.S. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT; RICKY | § | |
| HAMILTON, FIELD OFFICE DIRECTOR OF | § | |
| THE HOUSTON OF U.S. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT, | § | |
| ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS; ALEX SANCHEZ, WARDEN | § | |
| OF IAH SECURE ADULT DETENTION | § | |
| FACILITY, IN THEIR OFFICIAL | § | |
| CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Francisco Mateo-Tomas ("Mateo-Tomas")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Francisco Mateo-Tomas is a Guatemalan national. [Dkt. 1 at ¶ 10]. On November 1, 2025, United States Immigration and Customs Enforcement ("ICE") detained Mateo-Tomas. *Id.* at ¶ 13.

On May 4, 2026, Mateo-Tomas brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution, the Administrative Procedure Act ("APA"), federal regulations, and the Suspension Clause. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Detention Pending Removal

Mateo-Tomas challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1.] His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien must be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. See 8 U.S.C. § 1226(a). Because Mateo-Tomas is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id*.

**B. Due Process**

Mateo-Tomas argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Mateo-Tomas were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Mateo-Tomas's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Mateo-Tomas's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Mateo-Tomas's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions *unrelated to the cause of detention*." *See Pierre v. U.S.*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added). Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the Petitioner's automatic release from custody if adequately performed. *See id*. Here, a properly conducted bond hearing would not invariably result in Mateo-Tomas's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Mateo-Tomas's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Mateo-Tomas's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Mateo-Tomas to raise a due process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### C. Suspension Clause

Mateo-Tomas further argues that the Government has violated the Suspension Clause, found in Article I of the United States Constitution. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *U.S. v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. See 8 U.S.C. § 1225. Accordingly, no Suspension Clause violation has occurred.

### D. Administrative Procedure Act (APA)

Mateo-Tomas argues that the Government violated the APA by failing to consider mitigating factors such as his lack of criminal history and pending humanitarian claims. [Dkt. 1 at ¶ 106]. The Court lacks jurisdiction to decide the merits of Mateo-Tomas's APA claim, since it is "unrelated to the cause of [his] detention*." See Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Accordingly, any APA claim must be pursued in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

### E. Equal Protection

Mateo-Tomas further argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection by treating illegal entrants differently from noncitizens who lawfully enter but overstay. This argument fails on the merits. Not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Noncitizens who enter the United States without inspection are not similarly situated to those who lawfully enter and later overstay. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. See, e.g., 8 U.S.C. § 1202(b). By contrast, illegal entrants undergo no such vetting. Accordingly, requiring pre-removal detention for illegal

entrants, but not for those who overstay, does not violate equal protection. *See Hines*, 982 F.3d at 272.

### IV. CONCLUSION

It is therefore **ORDERED** that Mateo-Tomas's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge